### KISSINGER v. JACOBS.

(Supreme Court, Appellate Term. December 9, 1908.)

HUSBAND AND WIFE (§ 138*)—AGENCY OF HUSBAND FOR WIFE—EVIDENCE.
  Where plaintiff did work and furnished materials on the order of defendant's husband, that defendant was present when her husband gave the order, and that he consulted with her in reference to it, was not sufficient to charge her with liability for payment therefor.
  [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 527; Dec. Dig. § 138.*]

  MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob Kissinger against Millie Jacobs. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

---

Theodore Kiendl (James A. Smyth, of counsel), for appellant.
John T. Booth, for respondent.

SEABURY, J. The evidence upon which this judgment was rendered against the defendant is altogether insufficient to sustain it. The plaintiff sued for the value of work performed in repairing machinery and for furnishing materials. The evidence shows that the plaintiff did this work and furnished the materials pursuant to the order of the defendant's husband. The fact that the defendant was present when her husband gave the order, and that he consulted with her in reference to it, is not sufficient to charge her with liability for her husband's debt.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). In this action to recover for work, labor, and services, and materials furnished, the plaintiff testified that about April 18, 1907, he had a conversation with the husband of the defendant, in her presence and in their shop, 198 Broome street, and that they told him to go on and do the work; that he talked with both of them about the prices, and that both asked him to do the work; and that after the husband, who seems to have been the chief speaker, had been given the figure to gear up the machines, husband and wife conversed together, and she said: "Let him do it." The determination of the trial justice in favor of the plaintiff may hardly be said to rest upon insufficient, or be said to be against the weight, of evidence, and this court is not warranted in reversing that determination.

The judgment should be affirmed.